UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA McINTOSH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 05 C 7044 |
| ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Illinois Department of Employment Security ("IDES") to dismiss certain portions of the complaint of Plaintiff Theresa McIntosh. For the reasons set forth below, the motion is granted.

Though the complaint does not specify whether McIntosh is still employed by IDES, it is apparent from her pleading that she was an IDES employee during the events alleged. She has filed several charges of discrimination against her employer. The first, filed on April 25, 2005, alleged sex discrimination and retaliation. The EEOC issued a right-to-sue letter for this charge a few weeks later, on May 3. That same day McIntosh filed a second charge, this time alleging age and race

discrimination as well as retaliation. On August 17, 2005, she filed another charge alleging continued retaliatory behavior. On September 15, 2005, the EEOC issued another right-to-sue letter on the August 17 charges.

On December 14, 2005, McIntosh filed suit in this court. Her complaint alleged discrimination on the basis of color in violation of Title VII and on the basis of disability in violation of the Americans with Disabilities Act. The record does not contain any indication that the EEOC had completed its involvement with her May 3 charge at that time. On February 6, 2006, the EEOC issued a right-to-sue letter for Charge No. 21B-2005-02005; IDES represents this as the same as the May 3, 2005, charge even though the charge numbers are inconsistent. According to the documents filed with IDES's motion, the May 3 charge carried a number of 2005-CA-3306. IDES does not explain the discrepancy, but McIntosh has filed no response challenging their assertion that the February 6 letter pertained to the May 3 charges, so we will operate under the assumption that IDES's representation is correct. Finally, on February 28, 2006, McIntosh filed the instant complaint, alleging discrimination on the basis of color, national origin, and sex in violation of Title VII.

IDES moves to dismiss the sex discrimination allegations and any claim for punitive damages pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not its

merits.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action.  Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996).  In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true.  Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).  The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  With these principles in mind, we turn to the motion at hand.

As is clear from the timeline recited above, McIntosh did not file suit on her sex discrimination claims within 90 days after receiving her right-to-sue letter from the EEOC.  Even with the most generous construction of the time necessary for mail to be delivered, her complaint is over six months late, and she has provided no argument as to why the original period could be extended.  As a result, IDES is correct that McIntosh's sex discrimination allegations do not supply a claim upon which relief can be granted, and it is accordingly dismissed.

IDES's second point is extremely straightforward. As a government agency, it is exempt from liability for punitive damages under Title VII. 42 U.S.C. § 1981a(b)(1); <u>Hildebrandt v. Illinois Dep't of Natural Resources</u>, 347 F.3d 1014, 1032 (7th Cir. 2003). Accordingly, any request for punitive damages is dismissed with prejudice.

Based on the foregoing, IDES's motion to dismiss certain portions of the complaint is granted.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated:   May 2, 2006